HELEN GORDON *vs.* PROVIDENCE AUTO COMPANY, INC.

JUNE 11, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.     This is an action of trespass on the case for negligence. The plaintiff seeks to recover from the defendant corporation for personal injuries suffered by her as a consequence of the negligent operation of an automobile in which she was riding as a passenger and which was owned by the defendant. It was being operated at the time by the plaintiff's husband, allegedly as a servant of the defendant.

The defendant's demurrer to the original declaration was sustained by a justice of the superior court; and thereafter, the plaintiff filed an amended declaration which set out four specific acts of alleged negligence on the part of the servant and agent of the defendant. To this amended declaration the defendant filed three pleas, namely, the general issue and two special pleas. The plaintiff then filed, although unnecessary, a replication joining issue with the defendant's first plea of the general issue; and a second replication traversing the defendant's second, special plea; and further, filed a demurrer to the defendant's third, or special, plea for grounds therein set forth. After hearing thereon, the plaintiff's demurrer was overruled by a justice of the superior court, to which ruling the plaintiff duly excepted.

The case is before us solely upon this exception, to the ruling of the trial justice overruling the plaintiff's demurrer

to the defendant's special third plea. The question of law which the plaintiff apparently seeks to raise by her demurrer and exception is, whether a woman passenger can maintain against the owner of an automobile an action for personal injuries sustained by her in consequence of its negligent operation by the plaintiff's husband in the course of his employment as the owner's servant and agent.

However desirable it may be to have determined in advance of the trial upon its merits the law governing some pertinent phase of the case, the practice in regard to hearing exceptions in this court is governed by the provisions of general laws 1923, chapter 348, sec. 24, which heretofore has been strictly construed. Since the adoption of the Court and Practice Act in this regard, as set forth in the terms of the above statute, this court consistently has refused to hear and determine exceptions, unless the cause had proceeded to a verdict or final decision on the merits thereof.

It is now well settled that a bill of exceptions to the overruling of a demurrer is prematurely brought, unless the decision is a determination upon the merits of the cause which will in due time, by operation of law, lead to a final judgment in the cause. *Troy* v. *Providence Journal Co.,* 43 R. I. 22; *Germain* v. *L'Union St. Jean Baptiste D'Amerique,* 113 A. 655, (R. I.) and cases cited.

This ruling and practice was expressly approved in *Ewell* v. *Cardinal,* 53 R. I. 469. There the plaintiff's exception to the overruling of his demurrer to the defendant's special plea was heard, but only because the plaintiff had submitted to the entry of a final decision upon the merits of the cause.

The instant case, however, is almost identical with that of *Troy* v. *Providence Journal Co., supra.* In that case the trial court overruled the plaintiff's substantial demurrer to the defendant's amended special plea. There were other pleas, including the general issue, upon which issue was joined, so as to permit the case to proceed to trial upon the merits to a verdict or final decision. The court there considered ex-

tensively the practice upon the overruling of demurrers prior to the court and practice act, and also subsequent thereto; and it clearly pointed out the difference between a substantial demurrer, the granting of which concludes the right of a party to proceed in the cause, and a decision overruling a demurrer to a declaration or plea which is not such a final decision on the merits of the cause.

In our opinion, the exception in the instant case comes squarely within the ruling in *Troy* v. *Providence Journal Co., supra,* and other similar cases, and is governed thereby.

Therefore, the plaintiff's bill of exceptions, being prematurely brought, is dismissed, and the case is remitted to the superior court for further proceedings.

*Goldberg & Goldberg,* for plaintiff.

*Hinckley, Allen, Tillinghast & Wheeler, Harold A. Andrews,* for defendant.