HELEN GORDON *vs.* PROVIDENCE AUTO CO., INC.

JULY 30, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. After the filing of our opinion, herein, 61 R. I. 49, 199 A. 755, the plaintiff by leave of court filed a motion for permission to reargue the case. Her counsel now contends that the case of *Oken* v. *Oken,* 44 R. I. 291, and not the case of *Troy* v. *Providence Journal Co.,* 43 R. I. 22, should govern the issue as to whether or not the bill of exceptions in the instant case was prematurely brought. He argues substantially that the instant case is on "all fours" with the *Oken* case, *supra,* and that the court there considered and decided the merits of a similar exception, thereby ruling in effect that the exception was not premature, and overruling the law of the *Troy* case, *supra.* Nothing in the *Oken* case, *supra,* as reported, supports his contention since the pleadings there appeared to raise no other issue

of fact upon which the case could have proceeded to a determination on its merits.

But he assures us that his investigation of the original papers filed in that case in the superior court discloses a plea of the general issue, as well as the special plea in bar upon which the case was decided. If this be so, it is also true that both parties avoided any reference thereto in their briefs; and they argued that case entirely as if the special plea in bar were the only one filed, and therefore that the demurrer to that plea raised the only and decisive issue, which was one of law.

In such circumstances it is easy to understand how the court might have overlooked the point which counsel for both parties themselves had overlooked or withheld from either statement or discussion in their briefs. If it were necessary, that case might also be distinguished since no other automobile or agency was involved in the alleged trespass to the plaintiff, whereas in the instant case another automobile is involved and other issues of fact are raised at least under the plea of the general issue.

But we prefer to adhere to our original reasoning and holding that the exception comes squarely within the ruling in the *Troy* case, *supra,* and therefore was prematurely brought in the instant case. In so doing we merely call attention again to the fact that the law on this point, as followed in the *Troy* case, *supra,* was consistent with decisions of this court previous to the *Oken* case, *supra,* and that such ruling has been consistently approved and followed in several cases since the *Oken* case, *supra.* See *Frank* v. *Broadway Tire Exchange Co.,* 42 R. I. 27; *Gratton* v. *Harwood,* 53 R. I. 94; *Ewell* v. *Cardinal,* 53 R. I. 469; *Germain* v. *L'Union St. Jean Baptiste d'Amerique,* 113 A. 655.

The motion for permission to reargue, therefore, is denied.

*Goldberg & Goldberg,* for plaintiff.

*Hinckley, Allen, Tillinghast & Wheeler, Harold A. Andrews,* for defendant.